HINZ & LANDT, INC., OF LOS ANGELES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7776.    Promulgated September 29, 1927.

The income involved herein for the period January 1, to May 17, 1920, *held* to be the income of the petitioner.

*J. S. Lamson, Esq.*, for the petitioner.
*Thomas M. Mather, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1920 in the amount of $16,224.48. The issue raised is whether the income upon which the deficiency is based was income to the petitioner, or to the partnership of Hinz & Landt of Los Angeles.

FINDINGS OF FACT.

The petitioner was incorporated about the year 1904 under the laws of the State of California and remained in existence until it was dissolved on October 5, 1920. It was engaged in the wholesale and retail millinery business at Los Angeles. During the year 1919 and until the corporation was dissolved the capital stock was held by the following persons:

|  | Shares. |
| --- | --- |
| A. L. Daves | 235 |
| Nannie B. Daves, wife of A. L. Daves | 95 |
| Henry A. Hinz | 50 |
| J. C. Berendsen | 76 |
| A. B. C. Dohrmann, trustee for J. C. Berendsen | 339 |
| A. B. C. Dohrmann, trustee for the Hinz Estate | 204 |
| Dora Hinz | 1 |
|  | 1, 000 |

J. C. Berendsen was president of the corporation and A. L. Daves was secretary and treasurer. Daves was in active charge of the business, and with the exception of Henry A. Hinz, who acted as his assistant, was the only person interested in the corporation who resided in Los Angeles or was actively engaged in the business there. The directors of the corporation were J. C. Berendsen, A. B. C. Dohrmann, Henry A. Hinz, Dora Hinz and A. L. Daves. Dohrmann owned no stock in the corporation, but served on the board of directors as an old friend of and representing the Hinz family.

For some time prior to September, 1919, the organization of the business had not been satisfactory to Daves. He was the active head of the business, but Berendsen was president of the corporation and he, Daves, was nominally under Berendsen's direction, and he felt the lack of prestige. Also Daves and Mrs. Daves had only a minority interest in the corporation and Daves felt that his position was more or less precarious. In order to remedy these conditions which were unsatisfactory, it had been suggested that a partnership be formed to take over the business of the corporation, and the matter had been discussed " now and then " for some time.

On September 25, 1919, a special meeting of the petitioner's board of directors was held at the office of Hinz & Landt, Inc., of San Francisco, located at San Francisco. Hinz & Landt, Inc., of San Francisco was also a California corporation in which some of the petitioner's stockholders were interested. The purpose of the directors' meeting was to ascertain if there were sufficient funds available for the payment of a dividend, and, if there were, to declare a dividend. Later in the same day, and after the business for which the special meeting of the board of directors was called had been transacted and the meeting had adjourned, Berendsen, Dohrmann, and Daves met again,

informally, and agreed orally that they would form a partnership to take over the petitioner's business on January 1, 1920, Berendsen, Dora Hinz and Daves to be general partners, and the other stockholders to be special partners. Daves was to be the managing partner in charge of the business and Dohrmann was to represent the Hinz heirs, but was not to become a general partner. The interests of the several persons in the partnership were to be in the same proportion to their stockholdings in the corporation. The only persons interested in the corporation who were not present or represented at the informal meeting on September 25, 1919, were Henry A. Hinz and Mrs. Daves. Shortly thereafter they were informed what had been done there and Henry Hinz and Mrs. Daves acquiesced.

Immediately after the informal meeting of September 25, 1919, Berendsen left for Europe and did not return until some time in January, 1920. Upon his return he discussed with an attorney the matter of taking over the petitioner's business and was advised that a special partnership should be formed and articles prepared therefor. After some discussion with the attorney, Berendsen left for Europe in March, 1920, and gave Dohrmann power of attorney to execute the special partnership agreement on his behalf, and on May 15, 1920, articles of agreement of special partnership were entered into by J. C. Berendsen, A. L. Daves, and Dora Hinz, as general partners, and L. H. Berendsen, Nannie P. Daves, Henry Hinz, Gertrude Hinz Walsh, Anita Hinz Gundlach, Helen Hinz Davis, and Bruce Buttler, as special partners, to engage in the business of manufacturing, buying and selling millinery, in all its branches, under the firm name and style, Hinz & Landt of Los Angeles, with a capital of $200,000.

On May 17, 1920, the partnership made a written offer to the petitioner to purchase all of the petitioner's assets as of January 1, 1920, for $193,683.06, that amount representing the net value of the assets as they appeared on the petitioner's books on January 1, 1920, the partnership also to assume all of the petitioner's indebtedness existing on May 17, 1920. The offer so made was accepted by the petitioner's board of directors at a special meeting held on May 17, 1920, and on the same day a bill of sale was executed and delivered, transferring to the partnership all of the petitioner's assets.

As hereinbefore set forth the petitioner conducted a wholesale and retail millinery business. The books of the wholesale business were usually closed as of December 31, but the books of the retail business were not closed until January 31, of each year. The retail inventories were not taken until the end of January of each year, and the usual procedure as to closing the books and of taking the retail inventory was followed in December, 1919, and January, 1920. After the taking of the retail inventory in 1920 the books of the petitioner were

audited by an auditor in accordance with the petitioner's custom, and on February 28, 1920, at the suggestion of the auditor the petitioner's board of directors called a special meeting of the stockholders for May 15, 1920, for the purpose of increasing the capital stock from $100,000, to $200,000, it being the opinion of the auditor that the par value of the capital stock should approximate the book value of the assets. Later, however, the board of directors was advised by the petitioner's attorney that the proposed increase in the capital stock was unnecessary, and the idea was abandoned, and the stockholders meeting called for May 15, 1920, was not held.

During the period January 1, 1920, to May 17, 1920, no new books for the business were opened by the partnership, all transactions concerning the business being entered in the books of the corporation. All purchases were made in the name of the corporation, and were paid for with the corporation's checks, duly signed by A. L. Daves, as treasurer. All bank accounts were in the name of the corporation.

The partnership of Hinz & Landt of Los Angeles made an income and profits-tax return for the year 1920 and reported therein all of the income of the business herein mentioned for the period January 1, to May 17, 1920. The respondent upon audit of the return determined that the income of the business for said period belonged to the petitioner corporation, and not to the partnership, and that there is, as to the petitioner, a deficiency in tax for the year 1920 in the amount of $16,224.48.

OPINION.

MARQUETTE: The sole question presented for determination in this proceeding is whether the income for the period, January 1, to May 17, 1920, inclusive, upon which the deficiency herein is based, belonged to the petitioner, or to the partnership of Hinz & Landt of Los Angeles. The petitioner contends that a partnership was formed by oral agreement on September 25, 1919, which took over all of the petitioner's assets and business on January 1, 1920, and that all of the income accruing to the business after that date belonged to the partnership, although the partnership articles were not formally executed, or the formal transfer of the business made until May 17, 1920. The respondent urges that the business was not in fact transferred to the partnership until May 17, 1920, but belonged to the petitioner until that date, and that the income in question should be taxed to the petitioner.

It may be conceded without discussion that, as suggested by the petitioner, no particular form of contract is necessary to the creation of a valid partnership, and that the contract may be oral or written. We may even concede for the purpose of this opinion that the several stockholders of the petitioner did at the informal meeting

of September 25, 1920, and shortly thereafter, enter into a valid partnership agreement, but the formation of the partnership was not of itself sufficient to vest it with title to the petitioner's assets, and whether it acquired the petitioner's business on January 1, 1920. or at a later date, is a question of fact to be determined from the evidence. While it may have been the intention of the persons who formed the partnership, and who were also directors of the corporation, to acquire and take over the assets of the corporation on January 1, 1920, we are of the opinion that the evidence is not sufficient to warrant us in holding that they did in fact acquire them at that time. The greater weight of the evidence is against that view. The evidence shows that during the period in question the business was conducted under the corporate name, all purchases were made in the name of the corporation and were paid for with its checks duly signed by its treasurer. The evidence further shows that as late as February 28, 1920, the board of directors contemplated an increase of the corporation's capital stock and actually called a stockholders meeting for that purpose. These facts are all inconsistent with the petitioner's claim that the business was taken over and belonged to the partnership on and after January 1, 1920. The petitioner continued after that date and until May 17, 1920, to hold the title thereto and to hold itself out to the world as the actual owner, and all of the circumstances surrounding the conduct of the business support the conclusion that it was in fact the owner, and the respondent properly taxed to it the income involved herein, and we so hold.

The petitioner has cited several decisions of this Board as authority for its position. These cases, however, turned upon their own particular facts and circumstances, which are not present herein, and they do not support the petitioner's conclusion.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.